UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SEAN BOGLE,

Plaintiff,

v.

CASE NO. 8:25-cv-02957-SDM-SPF

CITY OF PALMETTO et al.,

Defendants,

______________________________________/

**ORDER**

Alleging excessive force and the denial of medical care, Sean Bogle, the administrator of the estate of Lamar Davis, sues (Doc. 1) under 42 U.S.C. § 1983 several police officers, emergency medical technicians, and municipalities involved in the arrest and the post-arrest medical care that allegedly resulted in Davis's death. The defendants move (Docs. 24, 30–33, 35–37) to dismiss or, alternatively, for summary judgment and submit (Doc. 25) the body-camera and dash-camera video and Davis's autopsy and toxicology reports. Because the video and the reports evidence facts essential to the action, an earlier order (Doc. 46) treats the motions to dismiss as motions for summary judgment. Also, because Rule 12(d), Federal Rules of Civil Procedure, requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," the order permits each party to

submit, no later than twelve days after the order, a supplemental brief not exceeding ten pages.

Instead of submitting a supplemental brief, the plaintiff moves (Doc. 48) for an extension of time to respond to the converted motions for summary judgment and for leave "to conduct targeted written discovery and to depose the Defendant Officers . . . to inquire into the Defendants' perspectives and beliefs at the time of the incident." The motion certifies under Local Rule 3.01(g) that "Counsel for these Defendants . . . does not object to the present motion." In reliance on the plaintiff's representation, an order (Doc. 49) treated the motion as unopposed and granted the requested relief.

Moving (Doc. 50) for reconsideration, the defendants allege that "Plaintiff's counsel did not confer with any of the undersigned counsel for the Palmetto Defendants before filing the motion." (Doc. 50 ¶ 7) In response (Doc. 51), the plaintiff admits that he "inadvertently, and in error, repeated [his] Local Rule 3.01(g) Certification from a previous filing" and concedes that the certification "was incorrect." An order (Doc. 52) granted the motion (Doc. 50) for reconsideration, vacated the preceding order (Doc. 49), extended the time within which the defendants may respond to the plaintiff's motion (Doc. 48), and warns the plaintiff that a future misrepresentation might result in a sanction. The defendants respond (Doc. 53) to the plaintiff's motion (Doc. 48) for an extension and for leave to conduct discovery.

Because the converted motions for summary judgment assert the defense of qualified immunity, the defendants argue that permitting discovery is improper. *See Howe v. City of Enterprise*, 861 F.3d 1300, 1302 (11th Cir. 2017) ("[B]y requiring the defendants to further defend from liability while the immunity issue remained pending, the district court had effectively denied immunity, which provides an entitlement not to stand trial or face the other burdens of litigation.") (internal quotation marks omitted). Qualified immunity, in other words, confers immunity not only from liability but also "a right not to be subjected to litigation beyond the point at which immunity is asserted." *Howe*, 861 F.3d at 1302; *see also R.F.J. v. Florida Dep't of Children & Families*, 743 F. App'x 377, 379 (11th Cir. 2018) ("[D]efendants argue that the district court erred by deferring its ruling on their qualified-immunity defenses until after discovery is completed. We agree.").

*Snead v. Georgia Dep't of Corrections*, 2024 WL 4132941, at *1 (11th Cir. Sept. 10, 2024), holds that a district court erred by deferring a ruling on qualified and sovereign immunity to permit discovery affording the plaintiff "an opportunity to learn what happened." In this action, the plaintiff requests discovery not "to learn what happened," a matter the video evidence abundantly discloses, but to ascertain "the Defendants' perspectives and beliefs at the time of the incident." If discovery to clarify objective facts cannot justify deferring a ruling on immunity, discovery to explore the defendants' subjective "perspectives and beliefs" assuredly cannot.

The plaintiff's motion (Doc. 48) is **DENIED** to the extent the plaintiff requests leave to conduct discovery and is **GRANTED** to the extent the plaintiff requests an extension of time to respond to the motions for summary judgment. No later than **AUGUST 20, 2026**, the plaintiff may submit a supplemental brief not exceeding ten pages.

**ORDERED** in Tampa, Florida, on August 4, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE